UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HILL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-0512 MCE DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**I.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

**II.    Pleading Standard**

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

////

////

### III. Plaintiff's Allegations[1]

Plaintiff's claims, which arose while he was incarcerated at High Desert State Prison ("HDSP"), are asserted against the following individuals: Scott Kernan, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"); M.E. Spearman, HDSP Warden; T. Foss, HDSP Chief Deputy Warden; R. Robertson, HDSP Associate Warden; D. Furtado, CCII; K. Holmes, Sergeant; S. Wagner, Correctional Officer ("CO"); T. Young, CO; A. Brown, CO; J. Spinney, Lieutenant; M. Brown, Lieutenant; and A. Lynn, CCI.

Plaintiff's allegations may be fairly summarized as follows:

#### A. First Disciplinary Action

On March 10, 2016, CO Young filed a false charge against plaintiff for disobeying orders into the Strategic Offender Management System ("SOMS") in retaliation for a complaint of harassment plaintiff made against him. CCII Furtado improperly classified CO Young's false report as a CDCR Form 115 (a Rules Violation Report ["RVR"]). On March 21, 2016, CO A. Brown purported to give plaintiff a copy of the RVR but instead provided only a copy of the SOMS Disciplinary Module printout. When plaintiff complained that this was not a proper RVR, CO A. Brown responded, "that's how we're doing it now."

On April 3, 2016, a disciplinary hearing was held by Lt. Spinney on the charges included in the SOMS Disciplinary Module printout. During the hearing, plaintiff complained that the charges were false and that he never received a proper RVR form as required by institutional regulations. Lt. Spinney, like Lt. Brown earlier, told plaintiff that these were the forms they were using now and that a "Notice of Change to Regulation ['NCR']" had been circulated to the inmate population regarding the change. Plaintiff denied having received the NCR, in violation of the Administrative Procedures Act ("APA"). In fact, plaintiff alleges that the NCR was not even issued until June 2016, *after* the disciplinary hearing. In addition, the SOMS Disciplinary Module printout failed to comply with specific procedural requirements, including listing plaintiff's TABE score or his requested witnesses, rendering the entire hearing in violation of plaintiff's due

---
[1] These allegations are taken from plaintiff's first amended complaint, which he filed together with a motion to amend. Since plaintiff may amend his pleading once as a matter of course, Fed. R. Civ. P. 15(a), his motion to amend will be denied as moot.

3

process rights. In light of plaintiff's complaints, Lt. Spinney told plaintiff to "shut your fucking pie hole so I can do this hearing," at which point plaintiff left the hearing.

Lt. Spinney ultimately found plaintiff guilty of the charge against him, assessing him 30 days loss of credits and the loss of other privileges. Associate Warden Robertson reviewed and approved the actions of CO Young, CCII Furtado, CO A. Brown, and Lt. Spinney.

Before receiving Associate Warden's decision, plaintiff appealed the conduct of CO Young, CCII Furtado, CO A. Brown, and Lt. Spinney. The appeal was denied on behalf of Warden Spearman by Chief Deputy Warden Foss at the second level of review. Plaintiff then appealed to Scott Kernan for a third level of review. On December 12, 2016, Kernan denied the appeal.

**B. Second Disciplinary Action**

On May 12, 2016, Lt. M. Brown served plaintiff with another SOMS Disciplinary Module printout, and plaintiff again complained about the use of this printout instead of a CDCR Form 115. On May 28, 2016, Lt. M. Brown conducted a disciplinary hearing based on the allegations in the printout and found plaintiff guilty, assessing him 90 days of loss of good time credits and the loss of other privileges. Plaintiff was also referred to a classification committee for further disciplinary punishments.

On July 5, 2016, CCI Lynn took plaintiff to committee, as recommended by Lt. M. Brown, where she would recommend that he be placed on "C" status due to the two disciplinary actions from March 2016 and May 2016. Plaintiff asked that CCI Lynn wait until his appeal challenging the disciplinary actions (discussed infra) was resolved. CCI Lynn denied plaintiff's request, and on July 13, 2016, plaintiff was placed on "C" Status for 120 days, requiring him to dispose of certain personal property and restricting him from participation in rehabilitative or educational programs.

**C. Activation and Use of the SOMS Disciplinary Module**

On June 2, 2016, after plaintiff was found guilty at the two afore-referenced disciplinary hearings, Scott Kernan acted to promulgate the Activation and Use of the SOMS Disciplinary Module in compliance with the APA.

**D. Appeal and Removal of Disciplinary Actions**

On June 23, 2016, plaintiff filed an inmate grievance challenging the use of the SOMS Disciplinary Module printouts in the context of his two disciplinary hearings, arguing that his constitutional rights were violated when the printouts were used in lieu of the CDCR Form 115 before Scott Kernan complied with the APA to change institutional regulations. On July 30, 2016, plaintiff's appeal was granted in its entirety, and the disciplinary actions were removed from his C-File. Plaintiff then appealed to the third level of review where Kernan upheld the second-level decision.

**E. Plaintiff's Claims[2]**

Plaintiff accuses the defendants of violating his due process rights by using the SOMS Disciplinary Module printouts instead of the CDCR Form 115 before complying with the APA's procedural requirements.

In addition, plaintiff claims that the defendants acted with deliberate indifference to his mental health needs. Plaintiff alleges that he suffers from major depression and is a participant in the Mental Health Services Delivery System. Because of the due process violations and the loss of his personal property, plaintiff's depression was exacerbated, and he was forced to receive additional mental health care.

**IV. Discussion**

**A. Due Process and the Administrative Procedures Act**

Plaintiff brings a due process claim premised on an alleged violation of the APA by the defendants, who are accused of using the SOMS Disciplinary Module printouts in lieu of CDCR Form 115. The Ninth Circuit, however, has long been held that "the APA was not written with the problems of prison discipline in mind" and has been held inapplicable to prison disciplinary proceedings. See <u>Clardy v. Levi</u>, 545 F.2d 1241, 1246 (9th Cir. 1976). Additionally, since the case at bar presumably concerns California's APA, plaintiff is informed that a violation of a state

---

[2] This action is related to <u>Hill v. Kernan</u>, 2:19-cv-0448-MCE-DB, which asserts virtually identical allegations against all but two of the defendants named herein. Whereas this case brings suit for violations of plaintiff's due process and Eighth Amendment rights, the earlier-filed case brings several state law claims and also asserts a due process claim based on the procedural inadequacies associated with the two disciplinary hearings.

5

law does not alone support liability under § 1983. See Campbell v. Burt, 141 F.3d 927, 930 (9th Cir. 1998) ("As a general rule, a violation of state law does not lead to liability under § 1983.")

**B. Eighth Amendment Medical Indifference**

Plaintiff also brings a medical indifference claim on the ground that the defendants knew that their conduct would exacerbate plaintiff's depression.

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d

1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff's medical indifference claim is insufficient to proceed as to any of the defendants. While he has satisfied the first element of this claim—the presence of a serious medical need—his allegations fall far short of what is required under the second element. Other than a cursory allegation, there are simply no facts that would suggest that any of the defendants knew of and/or acted with the requisite mental state. This claim, therefore, is subject to dismissal.

## V.  Conclusion

Plaintiff's first amended complaint does not state a claim for relief. The Court will grant plaintiff the opportunity to file an amended complaint to cure noted defects, to the extent he believes in good faith he can do so. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment).

If plaintiff does not wish to file an amended complaint, and he is agreeable to proceeding only on the claims found to be cognizable, he may file a notice informing the Court that he does not intend to amend, and he is willing to proceed only on his cognizable claims. The undersigned will then issue findings and recommendations to dismiss his claims, plaintiff will be provided an opportunity to subject objections, and the matter will be decided by the district judge.

If plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

7

If plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 5) is denied as moot;
2. Plaintiff's motion to proceed in forma pauperis (ECF No. 10) is granted;
3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
4. Within thirty (30) days from the date of service of this order, plaintiff must file either a second amended complaint curing the deficiencies identified by the Court in this order, a notice of voluntary dismissal, or a notice of election to stand on the complaint; and
5. If plaintiff fails to file a second amended complaint or notice of voluntary dismissal, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

Dated: November 18, 2019

DLB7;
DB/Inbox/Substantive/hill0512.scrn

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE